IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-581

Filed 5 November 2025

Nash County, Nos. 19CR053318-630, 19CR053320-630, 19CR053322-630

STATE OF NORTH CAROLINA

v.

WAYNE DOUGLAS WILSON

Appeal by defendant from judgments entered 16 June 2023 by Judge Brenda Green Branch in Nash County Superior Court. Heard in the Court of Appeals 21 May 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Jonathan D. Jones, for the State.*

*Thomas, Ferguson & Beskind, LLP, by Olivia Warren, for defendant-appellant.*

ZACHARY, Judge.

Defendant Wayne Douglas Wilson appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of possession with intent to sell or deliver cocaine, trafficking in cocaine by possession, trafficking in cocaine by manufacture, maintaining a dwelling house that is used to keep or sell a controlled substance, and possession of a firearm by a felon. On appeal, Defendant challenges the constitutionality of the jury deliberations. After careful review, we conclude that Defendant received a fair trial, free from error.

## I.  Procedural Background

Defendant's case came on for jury trial on 13 June 2023 in Nash County Superior Court. The State proceeded on five charges: possession with intent to sell or deliver cocaine, trafficking in cocaine by possession, trafficking in cocaine by manufacture, maintaining a dwelling house that is used to keep or sell a controlled substance, and possession of a firearm by a felon.

Jury deliberations began on 15 June and continued into the next day. On 16 June, the jury asked to review State's Exhibit Number 14, a gun that had been admitted into evidence and published to the jury. Neither party's counsel objected and the jury was brought into the courtroom to view the gun. The trial court dismissed counsel and Defendant from the courtroom while the jury reviewed the exhibit, and the trial judge left for a short period of time. However, the court reporter, some bailiffs, a probation officer, and the courtroom clerks were present. The jury then returned to the jury room to continue deliberations. After concluding its deliberations, the jury returned verdicts finding Defendant guilty of all charges.

That same day, the trial court entered judgments sentencing Defendant to a term of 12 to 24 months' imprisonment in the custody of the North Carolina Department of Adult Correction for his conviction of possession with intent to sell or deliver cocaine. The court consolidated the remaining convictions and entered a consecutive term of 35 to 51 months' imprisonment.

Defendant gave oral notice of appeal.

## II.    Analysis

Defendant raises one argument on appeal: whether "[t]he trial court violated Article I, Section 24 of the North Carolina Constitution when it instructed the jury to deliberate on the record with at least seven non-jurors present, including the trial judge herself." He contends that the instruction to deliberate constituted a constitutional error per se, automatically requiring a new trial.

"The standard of review for alleged violations of constitutional rights is de novo." *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009) (italics omitted), *appeal dismissed*, 363 N.C. 857, 694 S.E.2d 766 (2010). "Under de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *State v. Barnes*, 226 N.C. App. 318, 320, 741 S.E.2d 457, 460 (italics omitted), *disc. review denied*, 367 N.C. 219, 747 S.E.2d 549 (2013).

"Structural error is a rare form of constitutional error resulting from structural defects in the constitution of the trial mechanism which are so serious that a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *State v. Garcia*, 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004) (cleaned up), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "North Carolina courts . . . apply a form of structural error known as error per se." *State v. Lawrence*, 365 N.C. 506, 514, 723 S.E.2d 326, 331 (2012). "[E]rror per se is automatically deemed prejudicial and thus reversible without a showing of prejudice." *Id.* at 514, 723 S.E.2d at 332.

Our General Statutes outline the requisite procedure for a jury's review of evidence after it has begun deliberations:

> If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

N.C. Gen. Stat. § 15A-1233(a) (2023).

In the instant case, the trial court permitted the jury to reexamine State's Exhibit Number 14 in open court but mistakenly referred to the review as part of the jury's deliberations. The trial court discussed the matter with counsel and, with their consent, allowed the jury to review the exhibit in the courtroom, subject to the following instructions:

> THE COURT: We are back on the record with the matter of [Defendant], with a request from the jury to be able to see the gun . . . . For safety concerns, we would rather have you view the gun here in the courtroom. It's going to be published to you by [the bailiff]. And that way anyone who's not comfortable holding a gun doesn't have to. We'll make sure that we're safe. If you feel you need . . . [to] pick it up, just make sure that the officer does that for you. Take as long as you -- as long [of a] time as you wish, to make sure you're comfortable.
>
> (State's Exhibit Number 14 is published to the jury.)
>
> (Pause.)

THE COURT: And, Sergeant?

[BAILIFF]: Yes, ma'am?

THE COURT: Let all of them review it. And I'm thinking that we may have the State and the defense . . . step out, because this would be part of their deliberation.

Leave the [bailiff] in here. You-all -- we'll have them to go there. That way, anybody in particular[ ] -- because you're in deliberations now, see? And I don't think that should be soiled by anyone. We'll just leave the officers in here because it is a weapon. Have them . . . step out, just for a few moments so that they can be comfortable. And have the witness step out, as well.

Note that the jury requested to view the gun. This is part of their deliberation, that therefore the defense or the State should not be involved in who views the weapon. Only those in the courtroom who are impartial in this case are here; and that the officers are here to make sure that it is safe, and that the witnesses feel comfortable, if they need to remove the gun, hold the gun, or look at the gun. He can hold it up for you. I want you to have sufficient time to do just that.

And this [c]ourt will step out to give them sufficient time so as not to feel pressure.

(The Presiding Judge exits the courtroom . . . .)

(Assistant District Attorneys, Counsel for . . . Defendant, and . . . Defendant exit the courtroom.)

(Pause.)

(Remaining in the courtroom are the jurors, courtroom clerks, probation officer, bailiffs, and the court reporter.)

(Continued publishing of the exhibit.)

(Pause.)

[BAILIFF]: Does anyone else want to see it again? You have plenty of time.

. . . .

(The Presiding Judge re-enters the courtroom . . . .)

. . . .

THE COURT: [L]et the record reflect that the Presiding Judge is back in the courtroom; [I] want to question [the jury] to make sure you had ample time, sufficient time to view the gun to your satisfaction for your deliberation.

. . . .

All right, let the record reflect that as part of their deliberation, they wanted to see the gun. They have been allowed to do so. They have been allowed to spend as much time as they feel they needed for their deliberation in order to help them make a proper decision in this case. The [c]ourt will release them back to the jury room now. Please note still that [the] defense attorney is not present. Defendant is not present. The State is not present.

. . . .

(The jury exits the courtroom . . . .)

THE COURT: All right, note that the [c]ourt asked the jurors to come in because there was a gun and because of safety, and the officers are here, and asked the State and the defense to walk out so that those who are more interested and concerned would not be identified by the State or the defense or the [c]ourt as to who had concerns. It should be a secret deliberation, as it was. Thank you.

All right, bring them in. Let the record reflect that

> all jurors have left the courtroom. Because it was part of
> their deliberations, the alternates were not present.

On appeal, Defendant maintains that although the trial court initially complied with the statutory procedures, when it "instructed the jury to deliberate on the record with at least seven other parties present" the court violated Defendant's "constitutional guarantee to (1) twelve jurors; (2) in the sanctity; (3) confidentiality; and (4) privacy of the jury deliberation process." (Capitalization omitted). In support of his argument, Defendant relies on *State v. Bindyke*, 288 N.C. 608, 220 S.E.2d 521 (1975). In *Bindyke*, the trial court failed to discharge an alternate juror who then entered the jury room when the jurors retired to deliberate; the alternate remained inside with the jury for three to four minutes. 288 N.C. at 621, 220 S.E.2d at 530. Our Supreme Court held "that the presence of an alternate in the jury room during the jury's deliberations violates" N.C. Const. art. I, § 24 and consequently "constitutes reversible error per se." *Id.* at 627, 220 S.E.2d at 533 (italics omitted).

Here, although the court mistakenly referred to the jurors' review of State's Exhibit Number 14 as part of the jury's "deliberations," it did not—as Defendant claims—instruct the jury to deliberate in open court and thereby disturb "the constitutional sufficiency of a properly functioning jury." *State v. Hamer*, 377 N.C. 502, 508, 858 S.E.2d 777, 782 (2021) (cleaned up).

In approving the jury's request to review State's Exhibit Number 14, the trial court complied with the applicable statutory directives. *See* N.C. Gen. Stat. § 15A-

1233(a) ("If the jury after retiring for deliberation requests a review of certain . . . evidence, the jurors must be conducted to the courtroom. The judge in h[er] discretion, after notice to the prosecutor and defendant, . . . may permit the jury to reexamine in open court the requested materials admitted into evidence.").

It is undisputed that, after retiring for deliberations, the jury asked to review the gun, which had been admitted into evidence at trial. The trial court properly notified the State and Defendant of the jury's request; given an opportunity to object on the record, both parties instead consented to the jury's review of State's Exhibit Number 14. In her discretion, the trial court approved the jury's request. Due to general "safety concerns," the trial court determined that the jury's review of the gun would be conducted "here in the courtroom," in the presence of bailiffs. The trial court's decision on this matter was authorized by statute and within the court's discretion.[1]

Defendant nevertheless contends that, as in *Bindyke*, reversible constitutional error occurred when the trial court permitted the jury's review of the gun to occur in the presence of non-jurors. We disagree.

Unlike *Bindyke*, the instant case does not concern the improper presence of an

---

[1] We further note that with the parties' consent, the trial court also had the discretion to allow the jury to review the gun *in the jury room*, had it opted to do so. *See* N.C. Gen. Stat. § 15A-1233(b) ("Upon request by the jury and with consent of all parties, the judge may in h[er] discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence."). However, given the nature of the evidence in question, the trial court instead allowed the jury to conduct its review of State's Exhibit Number 14 in open court. *See id.* § 15A-1233(a).

alternate juror in the jury room during deliberations. *Cf.* 288 N.C. at 627–28, 220 S.E.2d at 533 (holding that "any time an alternate is in the jury room during deliberations he participates by his presence and, whether he says little or nothing, his presence will void the trial" (original emphasis omitted)). Indeed, as Defendant repeatedly observes, the jury's review of the gun occurred *in open court* with the consent of both parties. And as explained above, the trial court's mere mention of the term "deliberation" in addressing the jury prior to its review of the gun does not, absent more, constitute error per se. Accordingly, we are not persuaded by Defendant's claim that "the presence of at least seven other parties" in the courtroom—namely, "courtroom clerks, a probation officer, bailiffs, and the court reporter"—during the jury's review of the gun "must 'void the trial' " under these circumstances.

In sum, there was no "participation in the deliberative process of at least seven non-jurors" nor any other violation of the sanctity of the jury deliberations. The transcript demonstrates that the jurors simply reviewed the exhibit without discussion. Thus, unlike the cases involving flaws in the jury deliberations upon which Defendant relies, here, the court's misstatements did not constitute "a violation of . . . [D]efendant's constitutional right to have the verdict determined by twelve jurors," thereby rendering the trial "so fundamentally flawed that the verdict cannot stand." *State v. Poindexter*, 353 N.C. 440, 444, 545 S.E.2d 414, 416 (2001). Any inaccurate statements by the trial court regarding jury "deliberations" did not

constitute error per se.

Finally, it is telling that Defendant does not attempt to demonstrate any prejudice from the court's characterization of the review of State's Exhibit Number 14 as part of the jury deliberations, and we can conceive of none. And there being no showing of error per se, Defendant cannot rely on a presumption of prejudice.

Defendant's arguments are overruled.

## III.    Conclusion

For the foregoing reasons, we conclude that Defendant received a fair trial, free from error.

NO ERROR.

Judges GORE and FREEMAN concur.